**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 1 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SOKHEAN KEO,<br><br>        Petitioner,<br><br>   v.<br><br>TODD BLANCHE, Acting Attorney General,<br><br>        Respondent. | No. 24-6583<br><br>Agency No.<br>A027-351-321<br><br>MEMORANDUM* |
| SOKHEAN KEO,<br><br>        Petitioner,<br><br>   v.<br><br>TODD BLANCHE, Acting Attorney General,<br><br>        Respondent. | No. 25-695<br><br>Agency No.<br>A027-351-321 |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted May 20, 2026
Pasadena, California

Before: LEE, BUMATAY, and SUNG, Circuit Judges.

---

        *        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Sokhean Keo petitions for review of the Board of Immigration Appeals'

("BIA") decision affirming the Immigration Judge's ("IJ") order of removal and

denial of his application for adjustment of status and waiver of inadmissibility, and

the BIA's decision denying his motion to reconsider and terminate removal

proceedings. We have jurisdiction under 8 U.S.C. § 1252. Keo's NTA charges

him with removability under 8 U.S.C. § 1227(a)(2)(A)(iii) on only one ground: that

his California Penal Code § 245(a)(2) conviction is a qualifying "crime of

violence" under 18 U.S.C. § 16, and therefore an "aggravated felony" under 8

U.S.C. § 1101(a)(43)(F). In light of our decision in *United States v. Gomez*, 165

F.4th 1199 (9th Cir. 2026) (en banc), Keo is not removable as charged. Indeed, the

Government concedes that "*Gomez* resolved the question . . . [of] whether

Petitioner was still removable as charged under 8 U.S.C. § 1227(a)(2)(A)(iii)."[1]

Accordingly, we grant the petition, vacate the order of removal, and remand to the

BIA for further proceedings consistent with this decision.[2]

**PETITION GRANTED; REMANDED.**

---

[1] We decline the Government's request that we allow the BIA to consider the effect of *Gomez* in the first instance (Dkt. 47) because whether an offense can serve as a predicate for removal is a question of law we decide de novo. *See Medina-Lara v. Holder*, 771 F.3d 1106, 1118 (9th Cir. 2014); *Gutierrez v. Garland*, 106 F.4th 866, 871 (9th Cir. 2024).

[2] We decline to reach the other issues Keo raised because doing so is unnecessary.